


AS MODIFIED BY THE COURT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

RENEWABLE AMERICA LLC, a California limited liability company, and RNA SERVICES LLC, a California limited liability company,

Plaintiffs and Counter-Defendants,

vs.

RADIAL POWER L.L.C, a Delaware limited liability company; and DOES 1 through 20, inclusive,

Defendants and Counterclaimants.

RADIAL POWER L.L.C, a Delaware limited liability company,

Third-Party Plaintiff,

v.

RNA DEVELOPMENT I, LLC, a California limited liability company,

Third-Party Defendant.

Case No.: 5:26-cv-03762-SVK

**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION**

**Hon. Susan Van Keulen**

**I. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**II. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**III. LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**IV. PRESERVATION**

The parties have discussed their preservation obligations and needs, and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between January 1, 2022 and May 31, 2026 will be preserved;

b) The parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved;

d) The parties have agreed/will agree which ~~These~~ data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from such sources will be preserved but not searched, reviewed, or produced.

## V. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

## VI. PRODUCTION FORMATS

The parties agree to produce documents in

☒ PDF,

☒TIFF,

☒native and/or

☒paper

or a combination thereof file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

## VII. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and the initial production will be pursuant to the parties' phased discovery plan. Following the initial production, the parties will continue to prioritize the order of subsequent productions pursuant to the phased discovery plan.

## VIII. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal

or state proceeding.

b) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## IX. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through undersigned Counsel of Record.

DATED: August 28, 2026

RESPECTFULLY SUBMITTED,

Everview LTD.

______________________________

BRADLEY JOHNSON, ESQ.
*Attorneys for Plaintiffs, Counter-Defendants, and Third-Party Defendants RENEWABLE AMERICA LLC, RNA SERVICES LLC and RNA Development I, LLC.*

Hanson Bridgett LLP

/s/ Andrew Bassak

ANDREW A. BASSAK, ESQ.
*Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff RADIAL POWER, L.L.C.*