**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| RENEWABLE AMERICA LLC, a California limited liability company, and RNA SERVICES LLC, a California limited liability company,<br><br>Plaintiffs and Counter-Defendants,<br><br>vs.<br><br>RADIAL POWER L.L.C, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants and Counterclaimants. | Case No.: 5:26-cv-03762-SVK<br>**CASE SCHEDULING ORDER,**<br>**~~[PROPOSED]~~ JOINT DISCOVERY PLAN AND MOTION AND BRIEFING SCHEDULE**<br>AS MODIFIED BY THE COURT<br><br>**Hon. Susan Van Keulen** |
| RADIAL POWER L.L.C, a Delaware limited liability company,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>RNA DEVELOPMENT I, LLC, a California limited liability company,<br><br>Third-Party Defendant. | |

The parties, RENEWABLE AMERICA LLC, RNA SERVICES LLC, RADIAL POWER, L.L.C, and RNA DEVELOPMENT I, LLC (collectively "parties") have met and conferred as required under Civil Local Rule 16-3, and jointly submit this [PROPOSED] JOINT DISCOVERY PLAN AND MOTION AND BRIEFING SCHEDULE to the Court pursuant to the Court's Order Following the Initial Case Management Conference dated August 11, 2026.

**A. <u>DISCOVERY SCHEDULE</u>**

Understanding that the Court disfavors phased discovery and the potential for related disputes, the parties propose a simple time-phased discovery approach oriented toward mediation, which the parties agree will occur on or before December 31, 2026. Discovery is thus proposed as follows:

<u>Phase One</u>: August 2026 through the date of mediation. Discovery may address any and all relevant topics and include written discovery and depositions to the extent these may be accomplished within the above timeframe. The parties shall serve their preliminary fact witness lists no later than September 11, 2026. No expert discovery shall be conducted during this phase.

<u>Phase Two</u>: Should mediation fail, Phase Two discovery will commence on the day following mediation pursuant to the schedule attached as Exhibit A.

**B. <u>FACT DISCOVERY</u>**

1. <u>Discovery Disputes</u>. In order to ensure that all discovery disputes, including with non-parties, are resolved expeditiously and in a manner consistent with this Court's schedule in this proceeding, the parties respectfully request that all motions to compel and/or motions to quash in this case be presented to Magistrate Judge van Keulen for prompt resolution pursuant to procedures she shall adopt for that purpose. Discovery disputes will be handled in the order received.

2. <u>Document Requests and Production</u>. No more than 25 document requests shall be served on any named party or non-party. The parties shall serve any objections to requests for the production of documents no later than seven (7) calendar days after the date of service of the document requests to which they assert objections. Within five (5) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.

The parties shall make good faith efforts to substantially comply with requests for production no later than thirty (30) calendar days after the date of service.

3. Interrogatories. The parties shall serve no more than 20 interrogatories per side. The parties shall serve objections and responses to interrogatories no later than fourteen (14) calendar days after the date of service. Within five (5) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.

4. Fact Witness Lists. For both the preliminary and final fact witness lists, the parties shall summarize the general topics of each witness's anticipated testimony. Each party's fact witness lists shall represent a good faith effort to identify all fact witnesses the producing party expects that it may present at the evidentiary hearing, other than solely for impeachment. No witness shall be permitted at trial unless the opposing side had a reasonable opportunity to depose the witness before trial.

5. Depositions.

a. Number of Depositions. Each side may depose up to five (5) fact witnesses among those who (i) are listed on either side's preliminary fact witness list; (ii) are listed on the other side's final fact witness lists; or (iii) provide a declaration or affidavit. Notwithstanding the foregoing, each side may take a maximum of seven (7) depositions, including 30(b)(6) depositions, of non-party fact witnesses. For purposes of this Joint Discovery Plan and Motion and Briefing Schedule, former employees, consultants, agents, contractors, or representatives of the parties are considered party witnesses. Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

b. Allocation of Time. All depositions, including depositions of fact and expert witnesses, including 30(b)(6) depositions, shall last no more than seven (7)

hours on the record, except (i) if both Plaintiff and Defendants notice any non-party fact deposition, the deposition will be ten (10) hours and will be divided equally between the sides, although if either side uses fewer than two hours to question the witness, the other party may use half of the unused time; and (ii) if either Plaintiff or Defendants has obtained a sworn declaration from the deponent, the maximum time shall be allocated five (5) hours to the side that did not obtain the declaration, and two (2) hours for the side that obtained the declaration. Unused time in any side's allocation of deposition time shall not transfer to the other side.

**C. EXPERT DISCOVERY**

1. Expert Depositions. One seven (7) hour deposition of each expert shall be allowed.

2. Expert Materials Not Subject to Discovery. Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

a. Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

i. any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts or consultants themselves;

ii. any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

iii. expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact;

iv. drafts of expert reports, analyses, or other work product; or

v. data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 2(b).

b. The parties agree that they will disclose the following materials with all expert reports:

i. a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

ii. for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

**D. DISPOSITIVE MOTIONS**

1. All dispositive motions shall be filed by May 30, 2027. Oppositions and replies shall be filed in accordance with Civil Local Rule 7-3 unless otherwise ordered by the Court.

**E. ~~TRIAL BRIEFING SCHEDULE~~**

1. ~~Subject to the Court's final determination of a trial date, the parties agree to the following briefing schedule:~~

~~a. The parties shall each file an opening brief by July 30, 2027, not to exceed 25 pages in length.~~

~~b. The parties shall each file an opposition brief by August 30, 2027, not to exceed 25 pages in length.~~

~~c. The parties shall each file a reply brief by September 30, 2027, not to exceed 15 pages in length.~~

~~d. The parties shall file pre-trial findings of fact and conclusions of law by September 30, 2027, not to exceed 50 pages in length.~~

F. OTHER ISSUES

1. Privilege Log. The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of privileged materials withheld from discovery taken in this action. Notwithstanding the foregoing, the parties shall individually log withheld materials that are authored by, addressed to, or received from any non-party; and will categorically log

materials that are (1) internal to a party that are not authored by, sent to, or received from the party's attorneys, unless such person serves as an expert or submits any written or oral testimony in this matter; (2) authored by, addressed to, or received from any party executive who serves both in-house business and legal roles; and (3) authored by, addressed to, or received from any executive who has a law degree, even if the executive is not a practicing attorney. For purposes of this paragraph, a "non-party" excludes a party's retained expert and employees of such expert within the meaning of Federal Rule of Civil Procedure 26(b). The parties shall preserve all documents responsive to a discovery request that they withold pursuant to a claim of privilege or protection.

2. Modification of Scheduling and Case Management Order. Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

3. Reservation of Rights. Nothing in this Discovery Plan shall limit the parties' ability to object to, move to quash, or otherwise challenge any request for discovery or deposition notice under the Federal Rules of Civil Procedure.

[*SIGNATURES ON FOLLOWING PAGE*]

DATED: August 28, 2026

RESPECTFULLY SUBMITTED,

Everview LTD.

BRADLEY JOHNSON, ESQ.
*Attorneys for Plaintiffs, Counter-Defendants, and Third-Party Defendants RENEWABLE AMERICA LLC, RNA SERVICES LLC and RNA Development I, LLC.*

Hanson Bridgett LLP

/s/ Andrew Bassak

ANDREW A. BASSAK, ESQ.
*Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff RADIAL POWER, L.L.C.*

## EXHIBIT A: PROPOSED PHASE TWO DISCOVERY SCHEDULE

| Event | Date(s) |
|---|---|
| Discovery Commences | The day following the unsuccessful conclusion of the Parties' mediation, which shall occur no later than December 31, 2026. |
| Exchange of Final Lists of Fact Witnesses | January 15, 2027 at 5 p.m. Pacific time |
| Opening Expert Disclosures | February 1, 2027 |
| Rebuttal Expert Disclosures (both retained and non-retained experts) | March 1, 2027 |
| Close of Party Fact Discovery | March 30, 2027 |
| Close of Expert Discovery | April 30, 2027 |
| ~~Exchange of Exhibit Lists~~ | ~~To be determined pending trial date~~ |
| Dispositive motions due | May 31, 2027 |
| Opposition to dispositive motions due | June 14, 2027 |
| Replies re dispositive motions due | June 21, 2027 |
| Hearing on dispositive motions | July 20, 2027 at 10:00 a.m. |
| Trial briefs: **The Court will reassess the need for trial briefs and set page limits following a ruling on dispositive motions** | Opening briefs due: September 30, 2027<br>Opposition briefs due: October 29, 2027<br>Reply briefs due: November 12, 2027 |
| Proposed findings of fact and conclusions of law | November 12, 2027 – 50 pages per side |
| Pretrial filings in accordance with Judge van Keulen's Civil Pretrial Standing Order due | November 17, 2027 and November 24, 2027 |
| Final Pretrial Conference | December 9, 2027 at 9:30 a.m. |
| Bench trial | January 18, 2028 at 9:00 a.m. |

**SO ORDERED.**

Dated: September 2, 2026

SUSAN VAN KEULEN
United States Magistrate Judge